COPY   E-filing

Andrew Wong
California Bar No. 218398
JONES VARGAS
3773 Howard Hughes Pkwy.
3rd Floor South
Las Vegas, Nevada 89169
(702) 862-3300
(702) 734-2722 (f)
Attorneys for Defendant

ORIGINAL FILED
NOV 30 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND,  Plaintiff, vs. HEALTH PLAN OF NEVADA, INC.; And DOES 1 THROUGH 25, INCLUSIVE, Defendants. | C07-06069 SC  Case No.: _____ |

## NOTICE OF REMOVAL

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLEASE TAKE NOTICE THAT, Defendant Health Plan of Nevada, Inc. ("HPN") by and through its counsel Andrew Wong, Esq. of the law firm of Jones Vargas hereby removes the above captioned action to this Court. The grounds for removal are as follows:

1. On or about October 10, 2007, Plaintiff filed the above captioned lawsuit in the Superior Court of California for the County of Alameda. The suit was given Case No. 07350384.

2. HPN was named as a defendant in Plaintiff's Complaint.

3. On or about November 5, 2007, HPN was provided a copy of Plaintiff's Complaint.

**See Exhibit 1.** Plaintiff has not yet properly served the Complaint.

4. As alleged in paragraph 1 of his Complaint, Plaintiff is a California Corporation.

5. HPN is a Nevada Corporation. **See Exhibit 2**

6. The amount in controversy of this action exceeds $75,000, exclusive of costs and fees. According to Plaintiff's Complaint, Plaintiff is seeking in excess of $1,000,000.00 in damages.

7. This action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

8. The Complaint is the only pleading received by HPN in this matter.

DATED this 28th day of November 2007.

JONES VARGAS

By: /s/
Andrew Wong
California Bar No. 218398
3773 Howard Hughes Pkwy.
3rd Floor South
Las Vegas, Nevada 89169
Attorneys for HPN

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I hereby certify that on the 5th day of December, 2007, I served the foregoing **NOTICE OF REMOVAL** by placing a true and correct copy thereof in the United States mail, with postage fully prepaid, addressed as follows:

Joy Y. Stephenson, Esq.
Barry Sullivan, Esq.
Stephenson, Acquito & Colman
303 N. Glenoaks Blvd., Suite 700
Burbank, California 91502

_____
An employee of Jones Vargas

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HEALTH PLAN OF NEVADA, INC., a California for profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

OCT 10 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND, a California nonprofit corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA - UNLIMITED JURISDICTION
1225 FALLON STREET
OAKLAND, CALIFORNIA 94612
RENE C. DAVIDSON COURTHOUSE

**CASE NUMBER:** *(Número del Caso):* 07350384

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KARLENE ROGERS-ABERMAN (SBN 237883)
STEPHENSON, ACQUISTO & COLMAN
303 North Glenoaks Boulevard #700
Burbank, California 91502-3226

TEL: (818) 559-4477
FAX: (818) 559-5484

DATE: OCT 10 2007    Pat S. Sweeten    Clerk, by Tasha Perry, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  STEPHENSON, ACQUISTO & COLMAN
2  JOY Y. STEPHENSON, ESQ.          (SBN 113755)
   BARRY SULLIVAN, ESQ.             (SBN 136571)
3  KARLENE J. ROGERS-ABERMAN, ESQ. (SBN 237883)
4  303 N. Glenoaks Blvd., Suite 700
   Burbank, CA 91502
5
   Telephone: (818) 559-4477
6  Facsimile: (818) 559-5484
7
   Attorneys for Plaintiff
8  CHILDREN'S HOSPITAL AND RESEARCH CENTER
9  AT OAKLAND

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 0 2007

CLERK OF THE SUPERIOR COURT
By Tasha Parry, Deputy

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

## UNLIMITED JURISDICTION

| | |
|---|---|
| CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND, a California nonprofit corporation, | Case No.: RG 07350384 |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. BREACH OF WRITTEN CONTRACT; and |
| HEALTH PLAN OF NEVADA, INC., a California for profit corporation; and DOES 1 THROUGH 25, INCLUSIVE, | 2. COMMON COUNTS. |
| Defendants | **BY FAX** |

////
////
////

complaint                                       - 1 -   COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                        WRITTEN CONTRACT; 2. COMMON COUNTS

## PARTIES

1. Plaintiff Children's Hospital And Research Center At Oakland ("Children's Hospital") is a nonprofit corporation organized and existing pursuant to the laws of the State of California. Children's Hospital has its principal place of business in Oakland, County of Alameda, State of California. Children's Hospital renders medically necessary care to patients.

2. Defendant Health Plan Of Nevada, Inc. ("HPN") is a for profit corporation organized and existing pursuant to the laws of the State of Nevada. HPN has its principal place of business in Carson City, County of Carson City, Nevada.

3. Children's Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Children's Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. HPN and Does 1 through 25, inclusive, shall be collectively referred to as HPN.

5. Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

6. At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint

1  venturer, representative, alter ego, subsidiary, and/or partner of one or more of the
2  other defendants, and was, in performing the acts complained of herein, acting
3  within the scope of such agency, employment, joint venture, or partnership
4  authority, and/or is in some other way responsible for the acts of one or more of the
5  other defendants.

## COMMON FACTUAL BACKGROUND

9   7.  At all relevant times, a patient whose date of birth was August 23, 1990 ("Patient No. 060122506-00") was an individual enrollee of HPN's health plan.

8.  At all relevant times, Children's Hospital and HPN were parties to a written letter of agreement dated May 18, 2006 entered into between Children's Hospital and HPN (the "Contract"). According to the Contract, Children's Hospital agreed to render medically necessary care to Patient No. 060122506-00. In exchange, HPN agreed to pay Children's Hospital 100% of the California Medi-Cal Contracted Maximum Allowable Reimbursement rate, less applicable copayments, coinsurance and/or deductibles, for the medically necessary care rendered to Patient No. 060122506-00. The California Medi-Cal Contracted Maximum Allowable Reimbursement rate stated in the Contract provided for medically necessary care to be paid at a 55 percent discount off of Children's Hospital's usual and customary total billed charges.

9.  Children's Hospital admitted Patient No. 060122506-00 on April 24, 2006 and discharged the patient on September 1, 2006.

10.  Patient No. 060122506-00 became eligible under HPN's health

complaint                    - 3 -     COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                        WRITTEN CONTRACT; 2. COMMON COUNTS

plan as of May 1, 2006. Accordingly, Children's Hospital is seeking reimbursement for that portion of Patient No. 060122506-00's stay encompassing dates of service May 1 through September 1, 2006.

11. During Patient No. 060122506-00's stay, Children's Hospital rendered medically necessary care to Patient No. 060122506-00.

12. Children's Hospital's usual and customary total billed charges for rendering the medically necessary care to Patient No. 060122506-00 from May 1, 2006 through September 1, 2006 amounted to $2,008,550.40. Thus, according to the Contract, HPN owed Children's Hospital a balance of $903,847.68, after application of the applicable 55% Contract discount (the "Contract Amount Due").

13. Children's Hospital timely submitted several "interim" bills to HPN throughout the course of Patient 060122506-00's stay, and timely submitted a final bill following Patient No. 060122506-00's discharge on September 1, 2006. The total amount due based on the interim and final bills reflected Children's Hospital's usual and customary total billed charges of $2,008,550.40.

14. HPN paid Children's Hospital a total of $341,325.00 as payment for the medically necessary care rendered to Patient 060122506-00.

15. However, HPN failed to pay Children's Hospital for the remaining balance of $562,522.68 for the medically necessary care rendered to Patient 060122506-00 pursuant to the Contract's rates, despite demands therefor.

16. Children's Hospital has now exhausted all available avenues to appeal HPN's refusal to pay the Contract Amount Due for the medically necessary

care rendered to Patient No. 060122506-00.

## FIRST CAUSE OF ACTION
(Breach of Written Contract)
(Against defendant HPN
(and/or including Does 1 through 25, inclusive))

17. Children's Hospital incorporates by reference and re-alleges paragraphs 1 through 16 here as though set forth in full.

18. As stated above, under the written Contract Children's Hospital agreed to render medically necessary care to an individual enrollee of HPN's health plan, in exchange for which HPN agreed to pay Children's Hospital pursuant to the negotiated rates under the Contract.

19. Children's Hospital performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Contract.

20. Children's Hospital demanded HPN perform its obligations to pay Children's Hospital the Contract Amount Due for the medically necessary care rendered to Patient No. 060122506-00.

21. HPN breached the Contract by failing to pay Children's Hospital the Contract Amount Due.

22. As a result of the breach by HPN, Children's Hospital suffered damages in the sum of $562,522.68.

## SECOND CAUSE OF ACTION

(Common Count: Goods and Services Rendered)

(Against defendant HPN

(and/or including Does 1 through 25, inclusive))

23. Children's Hospital incorporates by reference and re-alleges paragraphs 1 through 16 here as though set forth in full.

24. HPN requested, by words or conduct, that Children's Hospital perform services for the benefit of HPN.

25. Children's Hospital performed the services as requested.

26. HPN has not paid Children's Hospital for the value of the services.

27. The unpaid remaining amount for the value of the services provided is $562,522.68.

## PRAYER FOR RELIEF

WHEREFORE, Children's Hospital prays for judgment as follows:

For the First Cause of Action:

1. for the principal sum of $562,522.68;

For the Second Cause of Action:

     2.     for the principal sum of $562,522.68.

For All Causes of Action:

     3.     for prejudgment interest on such principal sum at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; or, alternatively, for prejudgment interest on such principal sum, at the legal rate, pursuant to Cal. Civ. Code § 3287(a);

     4.     for all costs of suit incurred herein; and,

     5.     for such other and further relief as the Court deems just and proper.

Dated: 9 October 2007

STEPHENSON, ACQUISTO & COLMAN

KARLENE J. ROGERS-ABERMAN
Attorneys for
CHILDREN'S HOSPITAL AND
RESEARCH CENTER AT OAKLAND

complaint     - 7 -     COMPLAINT FOR DAMAGES FOR: 1. BREACH OF WRITTEN CONTRACT; 2. COMMON COUNTS

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Children's Hospital and Research Center at Oakland

**DEFENDANTS**
Health Plan of Nevada, Inc; and Does 1 Through 25, Inclusive

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Clark
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Stephenson, Acquisto & Colman
303 N. Glenoaks Blvd., Ste. 700, Burbank, CA 91502

**ATTORNEYS (IF KNOWN)**
Jones Vargas
3773 Howard Hughes Parkway, Las Vegas NV 89169

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ Original Proceeding
- ☒ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane / ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability / ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander / ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine / PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability / ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle / ☐371 Truth in Lending | ☐690 Other | | ☐490 Cable/Satellite TV |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability / ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐810 Selective Service |
| ☐190 Other Contract | ☐360 Other Personal Injury / ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/Exchange |
| ☐195 Contract Product Liability | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐196 Franchise | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| ☐210 Land Condemnation | ☐441 Voting / ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| ☐220 Foreclosure | ☐442 Employment / ☐530 General | ☐791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐894 Energy Allocation Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing / ☐535 Death Penalty | | ☐870 Taxes (US Plaintiff or Defendant) | ☐895 Freedom of Information Act |
| ☐240 Torts to Land | ☐444 Welfare / ☐540 Mandamus & Other | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights / ☐550 Civil Rights | | | ☐950 Constitutionality of State Statutes |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl / ☐555 Prison Condition | | | ☐890 Other Statutory Actions |
| | ☐446 Amer w/ disab - Other | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $_____   CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 12/2/07   SIGNATURE OF ATTORNEY OF RECORD