CHARLES I. EISNER, ESQ. (61033)
JASON O. BALOGH, ESQ. (238199)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

ANDREW WONG, ESQ. (218398)
JONES VARGAS
3773 Howard Hughes Pkway
3rd Floor South
Las Vegas, NV 89169
Telephone: (702) 862-3300
Facsimile: (702) 734-2722

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH PLAN OF NEVADA, INC.; And DOES 1 THROUGH 25, INCLUSIVE,,<br><br>Defendants. | Case No.: C07-06069 SC<br><br>**ANSWER TO COMPLAINT**<br><br>Original Removal filed November 30, 2007 |

COMES NOW, Defendant Health Plan of Nevada, Inc. ("HPN") by and through its counsel Charles I. Eisner and hereby responds to the allegations in Plaintiff's Complaint as follows:

1.   HPN admits that Plaintiff is a California Corporation. Otherwise, HPN is without sufficient knowledge to deny the allegations in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.   HPN admits that it is a Nevada corporation. HPN denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3.   HPN is without sufficient knowledge to deny the allegations in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. HPN objects to referring to the "Doe" defendants as HPN and responds to the Complaint only on behalf of itself.

5. HPN is without sufficient knowledge to deny the allegations in paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6. HPN is without sufficient knowledge to deny the allegations in paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

## COMMON FACTUAL BACKGROUND

7. HPN is without sufficient knowledge to deny the allegations in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. HPN is without sufficient knowledge to deny the allegations in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. HPN is without sufficient knowledge to deny the allegations in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. HPN is without sufficient knowledge to deny the allegations in paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. HPN is without sufficient knowledge to deny the allegations in paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. HPN is without sufficient knowledge to deny the allegations in paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. HPN is without sufficient knowledge to deny the allegations in paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14. HPN admits that it has paid claims in full to Plaintiff. Otherwise, HPN is without sufficient knowledge to deny the allegations in paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15. HPN denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. HPN is without sufficient knowledge to deny the allegations in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

///

## FIRST CAUSE OF ACTION

17. HPN incorporates paragraphs 1-16 of its answer.

18. HPN is without sufficient knowledge to deny the allegations in paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19. HPN is without sufficient knowledge to deny the allegations in paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20. HPN is without sufficient knowledge to deny the allegations in paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21. HPN denies paragraph 21 of the Complaint.

22. HPN denies paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION

23. HPN incorporates paragraphs 1-16 of its answer.

24. HPN is without sufficient knowledge to deny the allegations in paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

25. HPN is without sufficient knowledge to deny the allegations in paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26. HPN denies paragraph 26 of the Complaint.

27. HPN denies paragraph 27 of the Complaint.

## DEFENSES

By alleging the defenses set forth below as affirmative defenses, HPN is not in any way agreeing or conceding that it has either the burden of proof or the burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state causes of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

HPN is entitled to a set-off and/or recoupment to the extent Plaintiff received any overpayment or payment in error, including, but not limited to, payments for services not rendered, and/or for services improperly billed, and/or for services for which HPN was under no obligation

to pay.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the theories of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to exhaust appeals and/or administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

HPN has paid all amounts due under the contract between the parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has been paid by HPN, HPN's members and/or third parties.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that its claim of damages is too remote and too speculative to form the basis for the relief.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's charges are unreasonable and cannot be justified, and any damages sought by Plaintiff are barred in whole or in part by Plaintiff's failure to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's comes to this Court with unclean hands and, therefore, Plaintiff should not be entitled to any equitable relief.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is not ripe for judicial determination.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by third parties over whom HPN had no control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by Plaintiff's conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not suffer any damages as a result of the actions of HPN.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by statute, contract or otherwise as oral modifications to insurance plans or contracts are prohibited.

**RESERVATION OF RIGHT TO SUPPLEMENT OR AMEND**

HPN reserves the right to assert additional defenses, modify existing defenses, assert any counterclaims, and/or modify any answers as a result of discovery and/or further analysis or elucidation of Plaintiff's position and allegations.

WHEREFORE, HPN prays for the following relief:

1. That Plaintiff take nothing by way of its Complaint;
2. For attorney's fees and costs;
3. For all other relief that this Court chooses to award.

DATED: December 5, 2007

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____
CHARLES I. EISNER, ESQ.
Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

C4876\420665