1   CHARLES I. EISNER, ESQ. (61033)
    JASON O. BALOGH, ESQ. (238199)
2   BOORNAZIAN, JENSEN & GARTHE
    A Professional Corporation
3   555 12th Street, Suite 1800
    P. O. Box 12925
4   Oakland, CA  94604-2925
    Telephone: (510) 834-4350
5   Facsimile: (510) 839-1897

6   ANDREW WONG, ESQ. (218398)
    JONES VARGAS
7   3773 Howard Hughes Pkway
    3rd Floor South
8   Las Vegas, NV  89169
    Telephone:  (702) 862-3300
9   Facsimile:  (702) 734-2722

10  Attorneys for Defendant
    HEALTH PLAN OF NEVADA, INC.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14  CHILDREN'S HOSPITAL AND              )  Case No.:  C07-06069 SC
    RESEARCH CENTER AT OAKLAND,          )
15                                        )  **AMENDED NOTICE OF REMOVAL**
              Plaintiff,                  )
16                                        )
    vs.                                   )
17                                        )  Original Removal filed November 30, 2007
    HEALTH PLAN OF NEVADA, INC.; And     )
18  DOES 1 THROUGH 25, INCLUSIVE,,       )
                                          )
19            Defendants.                 )

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

21  DISTRICT OF CALIFORNIA and ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that defendant Health Plan of Nevada, Inc. ("HPN"), by and

23  through its counsel Charles I. Eisner, hereby removes the above-captioned action to this Court.

24  The grounds for removal are as follows:

25          1.      On or about October 10, 2007, plaintiff filed the above-captioned lawsuit in the

26  Superior Court of California for the County of Alameda.  The suit was given Case No. 07350384.

27          2.      HPN was named as a defendant in plaintiff's complaint.

28          3.      On or about November 5, 2007, HPN was provided a copy of plaintiff's complaint.

                                          -1-

1 | **See Exhibit 1.** Plaintiff has not yet properly served the complaint.

2 |      4.     As alleged in paragraph 1 of its complaint, plaintiff is a California Corporation.

3 |      5.     HPN is a Nevada Corporation.  See Exhibit 2 to the original Removal filed

4 | November 30, 2007.

5 |      6.     The amount in controversy of this action exceeds $75,000, exclusive of costs and

6 | fees.    According to plaintiff's complaint, plaintiff is seeking in excess of $1,000,000.00 in

7 | damages.

8 |      7.     This action is a civil action over which this Court has jurisdiction pursuant to 28

9 | U.S.C. §1332 and may be removed to this Court by defendants pursuant to 28 U.S.C. §1441.

10 |      8.     The complaint is the only pleading received by HPN in this matter.

11 | DATED:   December 5, 2007

12 | BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

13 |

14 | By: _____

15 | CHARLES I. EISNER, ESQ.
Attorneys for Defendant

16 | HEALTH PLAN OF NEVADA, INC.

17 | C4876\420667

AMENDED NOTICE OF REMOVAL – Case No. C07-06069

EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HEALTH PLAN OF NEVADA, INC., a California for profit
corporation; and DOES 1 THROUGH 25, INCLUSIVE,

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| **ENDORSED** |
| **FILED** |
| **ALAMEDA COUNTY** |
| **OCT 1 0 2007** |
| CLERK OF THE SUPERIOR COURT |
| By Tasha Perry, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND, a
California nonprofit corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA - UNLIMITED JURISDICTION
1225 FALLON STREET
OAKLAND, CALIFORNIA 94612
RENE C. DAVIDSON COURTHOUSE

| CASE NUMBER: *(Número del Caso):* | 073503 8 4 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KARLENE ROGERS-ABERMAN (SBN 237883)     TEL: (818) 559-4477
STEPHENSON, ACQUISTO & COLMAN           FAX: (818) 559-5484
303 North Glenoaks Boulevard #700
Burbank, California 91502-3226

DATE: OCT 1 0 2007    Pat S. Sweeten    Clerk, by **Tasha Perry** , Deputy
*(Fecha)*                              *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

1  STEPHENSON, ACQUISTO & COLMAN
2  JOY Y. STEPHENSON, ESQ.        (SBN 113755)
   BARRY SULLIVAN, ESQ.          (SBN 136571)
3  KARLENE J. ROGERS-ABERMAN, ESQ. (SBN 237883 )
4  303 N. Glenoaks Blvd., Suite 700
   Burbank, CA 91502
5
   Telephone:  (818) 559-4477
6  Facsimile:  (818) 559-5484
7
   Attorneys for Plaintiff
8  CHILDREN'S HOSPITAL AND RESEARCH CENTER
9  AT OAKLAND

**ENDORSED
FILED
ALAMEDA COUNTY**

OCT 1 0 2007

CLERK OF THE SUPERIOR COURT
By Tasha Parry, Deputy

10        SUPERIOR COURT OF CALIFORNIA
11        FOR THE COUNTY OF ALAMEDA
12           UNLIMITED JURISDICTION
13
14  CHILDREN'S HOSPITAL AND
    RESEARCH CENTER AT OAKLAND,
15  a California nonprofit corporation,
16                 Plaintiff,
17        vs.
18  HEALTH PLAN OF NEVADA, INC., a
    California for profit corporation; and
19
20  DOES 1 THROUGH 25, INCLUSIVE,
21              Defendants
22
23
24
25
26  ////
27  ////
28  ////

Case No.:  RG 07350384

COMPLAINT FOR DAMAGES FOR:

1.  BREACH OF WRITTEN
    CONTRACT; and

2.  COMMON COUNTS.

# BY FAX

complaint                    - 1 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                      WRITTEN CONTRACT; 2. COMMON COUNTS

## PARTIES

1.     Plaintiff Children's Hospital And Research Center At Oakland ("Children's Hospital") is a nonprofit corporation organized and existing pursuant to the laws of the State of California.  Children's Hospital has its principal place of business in Oakland, County of Alameda, State of California.  Children's Hospital renders medically necessary care to patients.

2.     Defendant Health Plan Of Nevada, Inc. ("HPN") is a for profit corporation organized and existing pursuant to the laws of the State of Nevada. HPN has its principal place of business in Carson City, County of Carson City, Nevada.

3.     Children's Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names.  Children's Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4.     HPN and Does 1 through 25, inclusive, shall be collectively referred to as HPN.

5.     Defendants, and each of them, at all relevant times, have transacted business in the State of California.  The violations alleged within this complaint have been and are being carried out in the State of California.

6.     At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint

complaint                                          - 2 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                                    WRITTEN CONTRACT; 2. COMMON COUNTS

1   venturer, representative, alter ego, subsidiary, and/or partner of one or more of the

2   other defendants, and was, in performing the acts complained of herein, acting

3   within the scope of such agency, employment, joint venture, or partnership

4   authority, and/or is in some other way responsible for the acts of one or more of the

5   other defendants.

6

7                           **COMMON FACTUAL BACKGROUND**

8

9          7.      At all relevant times, a patient whose date of birth was August

10  23, 1990 ("Patient No. 060122506-00") was an individual enrollee of HPN's health

11  plan.

12

13         8.      At all relevant times, Children's Hospital and HPN were parties

14  to a written letter of agreement dated May 18, 2006 entered into between

15  Children's Hospital and HPN (the "Contract"). According to the Contract,

16  Children's Hospital agreed to render medically necessary care to Patient No.

17  060122506-00. In exchange, HPN agreed to pay Children's Hospital 100% of the

18  California Medi-Cal Contracted Maximum Allowable Reimbursement rate, less

19  applicable copayments, coinsurance and/or deductibles, for the medically

20  necessary care rendered to Patient No. 060122506-00. The California Medi-Cal

21  Contracted Maximum Allowable Reimbursement rate stated in the Contract

22  provided for medically necessary care to be paid at a 55 percent discount off of

23  Children's Hospital's usual and customary total billed charges.

24

25         9.      Children's Hospital admitted Patient No. 060122506-00 on

26  April 24, 2006 and discharged the patient on September 1, 2006.

27

28         10.     Patient No. 060122506-00 became eligible under HPN's health

complaint                              - 3 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                WRITTEN CONTRACT; 2. COMMON COUNTS

1  plan as of May 1, 2006.  Accordingly, Children's Hospital is seeking

2  reimbursement for that portion of Patient No. 060122506-00's stay encompassing

3  dates of service May 1 through September 1, 2006.

4

5       11.    During Patient No. 060122506-00's stay, Children's Hospital

6  rendered medically necessary care to Patient No. 060122506-00.

7

8       12.    Children's Hospital's usual and customary total billed charges

9  for rendering the medically necessary care to Patient No. 060122506-00 from May

10  1, 2006 through September 1, 2006 amounted to $2,008,550.40.  Thus, according

11  to the Contract, HPN owed Children's Hospital a balance of $903,847.68, after

12  application of the applicable 55% Contract discount (the "Contract Amount Due").

13

14       13.    Children's Hospital timely submitted several "interim" bills to

15  HPN throughout the course of Patient 060122506-00's stay, and timely submitted a

16  final bill following Patient No. 060122506-00's discharge on September 1, 2006.

17  The total amount due based on the interim and final bills reflected Children's

18  Hospital's usual and customary total billed charges of $2,008,550.40.

19

20       14.    HPN paid Children's Hospital a total of $341,325.00 as

21  payment for the medically necessary care rendered to Patient 060122506-00.

22

23       15.    However, HPN failed to pay Children's Hospital for the

24  remaining balance of $562,522.68 for the medically necessary care rendered to

25  Patient 060122506-00 pursuant to the Contract's rates, despite demands therefor.

26

27       16.    Children's Hospital has now exhausted all available avenues to

28  appeal HPN's refusal to pay the Contract Amount Due for the medically necessary

1    care rendered to Patient No. 060122506-00.

2

3                    **FIRST CAUSE OF ACTION**

4                    (Breach of Written Contract)

5                    (Against defendant HPN

6                (and/or including Does 1 through 25, inclusive))

7

8            17.    Children's Hospital incorporates by reference and re-alleges

9    paragraphs 1 through 16 here as though set forth in full.

10

11           18.    As stated above, under the written Contract Children's Hospital

12   agreed to render medically necessary care to an individual enrollee of HPN's

13   health plan, in exchange for which HPN agreed to pay Children's Hospital

14   pursuant to the negotiated rates under the Contract.

15

16           19.    Children's Hospital performed all conditions, covenants, and

17   promises required on its part to be performed in accordance with the terms and

18   conditions of the Contract.

19

20           20.    Children's Hospital demanded HPN perform its obligations to

21   pay Children's Hospital the Contract Amount Due for the medically necessary care

22   rendered to Patient No. 060122506-00.

23

24           21.    HPN breached the Contract by failing to pay Children's

25   Hospital the Contract Amount Due.

26

27           22.    As a result of the breach by HPN, Children's Hospital suffered

28   damages in the sum of $562,522.68.

## SECOND CAUSE OF ACTION

(Common Count: Goods and Services Rendered)

(Against defendant HPN

(and/or including Does 1 through 25, inclusive))

23.    Children's Hospital incorporates by reference and re-alleges paragraphs 1 through 16 here as though set forth in full.

24.    HPN requested, by words or conduct, that Children's Hospital perform services for the benefit of HPN.

25.    Children's Hospital performed the services as requested.

26.    HPN has not paid Children's Hospital for the value of the services.

27.    The unpaid remaining amount for the value of the services provided is $562,522.68.

## PRAYER FOR RELIEF

WHEREFORE, Children's Hospital prays for judgment as follows:

For the First Cause of Action:

1.    for the principal sum of $562,522.68;

For the Second Cause of Action:

    2.    for the principal sum of $562,522.68.

For All Causes of Action:

    3.    for prejudgment interest on such principal sum at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; or, alternatively, for prejudgment interest on such principal sum, at the legal rate, pursuant to Cal. Civ. Code § 3287(a);

    4.    for all costs of suit incurred herein; and,

    5.    for such other and further relief as the Court deems just and proper.

Dated: 9 October 2007

STEPHENSON, ACQUISTO &
COLMAN

KARLENE J. ROGERS-ABERMAN
Attorneys for
CHILDREN'S HOSPITAL AND
RESEARCH CENTER AT OAKLAND

complaint

- 7 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
WRITTEN CONTRACT; 2. COMMON COUNTS