1 | CHARLES I. EISNER, ESQ. (61033)
JASON O. BALOGH, ESQ. (238199)
2 | BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
3 | 555 12th Street, Suite 1800
P. O. Box 12925
4 | Oakland, CA  94604-2925
Telephone: (510) 834-4350
5 | Facsimile: (510) 839-1897

6 | ANDREW WONG, ESQ. (218398)
JONES VARGAS
7 | 3773 Howard Hughes Parkway
3rd Floor South
8 | Las Vegas, NV  89169
Telephone:  (702) 862-3300
9 | Facsimile:  (702) 734-2722

10 | Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.
11 |

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14 | CHILDREN'S HOSPITAL AND
RESEARCH CENTER AT OAKLAND,

) Case No.:  C07-06069 SC

15 |

)
)
) **JOINT CASE MANAGEMENT**
**STATEMENT**

Plaintiff,

)
16 |

)
vs.

) Original Removal filed November 30, 2007
17 |

)
18 | HEALTH PLAN OF NEVADA, INC.; And
DOES 1 THROUGH 25, INCLUSIVE,,

)
)
)
19 | _____ Defendants. _____

)

20 |         Plaintiff Children's Hospital and Research Center at Oakland, and Defendants Health Plan

21 | of Nevada Inc., by and through their undersigned attorneys, and pursuant to this Court's November

22 | 30, 2007 Order, hereby submit their Joint Case Management Statement:

23 | **1.       Jurisdiction and Service**

24 |         This action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C.

25 | §1332 and may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441.  Plaintiff is a

26 | California Corporation and Defendant is a Nevada Corporation.   The amount in controversy

27 | exceeds $75,000.

28 |         No issues exist regarding personal jurisdiction or venue.  All named defendants have been

1    served.

2    **2.**    <u>Facts</u>

3    Plaintiff is a hospital, Defendant is a health maintenance organization. The parties entered

4 into a written letter of agreement whereby Plaintiff would provide medical supplies and services to

5 Defendant's members. Plaintiff provided medical supplies and services to one of Defendant's

6 members. Defendant made payment for the medical supplies and services. Plaintiff alleges that

7 Defendant paid less than the amount due for the services and supplies provided to the member.

8 Defendant disputes that any additional amounts are due.

9    **3.**    <u>Legal issues</u>

10    The legal issue in the case is whether Defendant has a duty to pay additional amounts for

11 the medical supplies and services provided by Plaintiff.

12    **4.**    <u>Motions</u>

13    There are no motions currently pending.

14    **5.**    <u>Amendment of Pleadings</u>

15    The parties do not expect amendment of pleadings at this time. The parties shall have until

16 <u>April 21, 2008</u>, to file any motion to amend the pleadings or to add parties.

17    **6.**    <u>Evidence Preservation</u>

18    The parties agree to preserve all documents, records, files and electronically stored

19 information regarding the patient and claim at issue for the duration of this litigation.

20    **7.**    <u>Disclosures</u>

21    Disclosures will be made on or before February 7, 2008.

22    **8.**    <u>Discovery</u>

23    No discovery has taken place other than the early case conference. The Parties propose the

24 following discovery plan:

25    **A.**    <u>**SUBJECTS OF DISCOVERY**</u>

26    Discovery may be conducted on all matters related to issues raised by Plaintiff's complaint

27 and Defendant's answers and defenses thereto. All discovery will be conducted in accordance with

28 the Federal Rules of Civil Procedure and the rules of this Court.

**B.    DISCOVERY CUT-OFF DATE**

The parties request that the discovery period run from January 24, 2008, the date of the case conference.   The parties request 180 days in which to conduct discovery.   The proposed discovery deadline will be July 22, 2008.

**C.    FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)**

The disclosure of experts and expert reports shall occur  May 21, 2008, which is 60 days before the proposed discovery cut-off date; and

The disclosure of rebuttal experts shall occur on June 23, 2008, which is the first business day 30 days after the date for disclosure of experts.

**D.    AMENDMENT OF THE PLEADINGS AND ADDING PARTIES**

The parties shall have until April 21, 2008, to file any motion to amend the pleadings or to add parties.

**E.    DISPOSITIVE MOTIONS**

The parties shall have until August 25, 2008 to file dispositive motions.

**9.    Class Actions**

This case is not a class action.

**10.    Related cases**

There are no related cases pending.

**11.    Damages**

The Complaint seeks $562,522.68 plus costs and interests.

**12.    Settlement and ADR**

The parties have agreed to mediate this matter in Las Vegas, Nevada.   The parties are currently working to select a mediator.

**13.    Consent to Magistrate Judge**

The parties do not consent to use of the magistrate judge for all purposes.

**14.    Other References**

None.

**15.    Narrowing of Issues**

1    The parties have not agreed to the narrowing of issues at this time.

2    **16.    Expedited Schedule**

3    The parties do not agree to the use of streamlined procedures at this time.

4    **17.    Scheduling**

5    See No. 8 above.  The Parties propose October 17, 2008 for the pre-trial conference and

6    November 17-18, 2008 for the dates of trial.

7    **18.    Trial**

8    Case will be tried by the Court without a jury.  The parties expect the trial to last 1-2 days.

9    **19.    Disclosure of Interested Parties**

10    For Plaintiff: None.

11    For Defendant: Sierra Health Services, Inc. ("Sierra") is the parent company of Defendant

12    Health Plan of Nevada, Inc.

13    APPROVED AS TO FORM AND CONTENT:

14
      DATED this 8th day of February 2008.         DATED this 8th day of February 2008.
15

16    By:___/s/  Charles I. Eisner_____        By:___/s/  Karlene Rogers-Aberman_____
      Attorneys for Defendants                     Attorneys for Plaintiffs
17

18

19    C4876\425558

20

21

22

23

24

25

26

27

28

-4-