```
CHARLES I. EISNER, ESQ. (61033)
JASON O. BALOGH, ESQ. (238199)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA  94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

MATTHEW T. MILONE, ESQ. (PHV)
CONSTANCE L. AKRIDGE, ESQ. (PHV)
JONES VARGAS
3773 Howard Hughes Pkway
3rd Floor South
Las Vegas, NV  89169
Telephone:  (702) 862-3300
Facsimile:  (702) 734-2722

Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH PLAN OF NEVADA, INC.; And DOES 1 THROUGH 25, INCLUSIVE,,<br><br>Defendants. | Case No.: C07-06069 SC<br><br>**DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIM**<br><br>Date:  July 25, 2008<br>Time:  10:00 a.m.<br>Ctrm:  1<br><br>Original Removal filed November 30, 2007 |

COMES NOW, Defendant Health Plan of Nevada, Inc. ("HPN") by and through its counsel Charles I. Eisner of Boornazian, Jensen & Garthe, P.C., and Constance L. Akridge and Matthew T. Milone of Jones Vargas and hereby files its Motion for Leave to Amend Answer to Assert Counterclaim.

The Motion asks the Court's permission to amend HPN's answer to assert a Counterclaim regarding overpayments made to Plaintiff Children's Hospital and Research Center at Oakland.

This Motion is based on the attached memorandum of points and authorities, all exhibits thereto, all pleadings and papers on file and any oral argument allowed at a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY

Defendant Health Plan of Nevada, Inc. ("HPN") is a Nevada Health Maintenance Organization (HMO) organized pursuant to Chapter 695C of the Nevada Revised Statutes. In the context of this case HPN contracts with the state of Nevada to provide Medicaid benefits to those persons assigned by Nevada to receive Medicaid benefits through HPN. This arrangement with the State of Nevada will be described herein as "HPN's Medicaid Managed Care Program." Plaintiff, Children's Hospital and Research Center at Oakland ("Plaintiff" or "CHO") is a California Hospital that, from time to time, treats persons enrolled in HPN's Medicaid Managed Care Program. HPN and Plaintiff do not have an ongoing contractual relationship. However, in certain instances when a person enrolled in HPN's Medicaid Managed Care Program seeks treatment at CHO, HPN and CHO may enter into a limited contract referred to as a Letter of Agreement.

Over the past five years CHO and HPN have entered into several Letters of Agreement regarding various persons enrolled in HPN's Medicaid Managed Care Program. The instant case arises from Plaintiff's allegation that HPN has failed to pay the full amount due under a Letter of Agreement for services and supplies allegedly provided to Patient No. 060122506-00.[1]

II.  FACTS GIVING RISE TO COUNTERCLAIM

HPN has obtained information that it has in fact overpaid for services and supplies allegedly provided to Patient No. 060122506-00. HPN believes this overpayment to be approximately $177,981.00. Additionally, HPN has obtained information that it also overpaid approximately $37,510.09 on Patient No. 040412484-00. Like Patient No. 060122506-00, Patient No. 040412484-00 was enrolled in HPN's Medicaid Managed Care Program and received treatment at CHO. With regard to Patient No. 060122506-00 and Patient No. 040412484-00 HPN and CHO entered into separate Letters of Agreement stating that HPN would be required to pay

---

[1] The patient's name and other identifying information is not included for privacy reasons.

-2-

"one-hundred percent (100%) of the California Medi-Cal Contracted Maximum Allowable Reimbursement..." The Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00, with personal information redacted, are attached as Exhibits A & B to the Declaration of Matthew T. Milone (hereinafter "Milone Decl.), respectively. (Milone Decl. para. 3, 4.)

Based on information received from CHO (Milone Decl. para. 5 and Exhibit C), CHO has billed and HPN has paid more that 100% of the California Medi-Cal Contracted Maximum Allowable Reimbursement for the services and supplies allegedly provided to Patient No. 060122506-00 and Patient No. 040412484-00. Exhibit C is a January 25, 2008 letter from CHO stating that payment on another patient enrolled in HPN's Medicaid Managed Care Program would be at 45% of billed charges **or** the rate of $1447.00/day. Although CHO has refused to produce the applicable Medi-Cal contracted rate for Patient No. 060122506-00 and Patient No. 040412484-00, Exhibit C indicates that the rate is $1447/day. Applying this rate, HPN overpaid approximately $200,854.09 on the claims of Patient No. 060122506-00 and Patient No. 040412484-00.

### III. LEAVE SHOULD BE GRANTED FOR HPN TO AMEND ITS ANSWER TO ASSERT A COUNTERCLAIM

#### A. LEAVE TO AMEND SHOULD BE FREELY GIVEN.

In deciding a motion for leave to amend an answer to assert a counterclaim the Court looks to Federal Rules of Civil Procedure 13(f) and 15(a). *Hip Hop Beverage Corp. v. Ric Representacoes Impotacao E Comercio, Ltd.*, 220 F.R.D. 614, 620 (C.D. Cal. 2003); *Sun Microsystems, Inc. v. Dataram Corp.*, 1997 WL 50272 (N.D. Cal. 1997). These rules state:

> **Rule 13. Counterclaim and Cross-Claim**
> **(f) Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.
>
> **Rule 15. Amended and Supplemental Pleadings**
> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial

-3-

calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Decisions on motions for leave to amend and answer to add a counterclaim are guided by the liberal amendment policy set forth in FRCP 15(a). *Hip Hop Beverage* at 620 citing Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d § 1430* at 227 (1990). Thus, leave to amend will be granted, **unless the party opposing the request for leave to amend** shows that: 1. there is undue prejudice caused by the amendment; 2 the amendment is made in bad faith; or 3. the proposed amendment is futile. *Hip Hop Beverage* at 620 *citing Forman v. Davis*, 371 U.S. 178 (1962); *Sun Microsystems citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Further, the test for leave to amend pleading should be "applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) and *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The Court may also consider if there was an undue delay in seeking to add the counterclaim. *Sun Microsystems* citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

**B.   THERE IS NOT UNDUE PREJUDICE IN THIS CASE.**

Of the factors used to determine whether leave to amend should be granted, undue prejudice to the opposing party is "the most critical." *Jackson v. Bank of Hawaii*, 902 F.2d at 1387. Undue prejudice is substantial prejudice or substantial negative effect. *Hip Hop Beverage* at 621. This exists where the claims which would be added greatly alter the nature of the litigation and require the adverse party to undertake an entirely new course of litigation. *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

In the instant case, HPN's counterclaim is based on overpayment of the claim previously at issue in this case and another claim with similar facts. The claims require review and application of the same contract language and would increase the burden on either party. Therefore, CHO is not unduly prejudiced by the amendment of HPN's answer to assert a counterclaim.

-4-

### C. THE MOTION FOR LEAVE IS NOT MADE IN BAD FAITH.

An amendment is made in bad faith where a party seeks to subvert the litigation process by requesting the amendment. For example, the Ninth Circuit has understood bad faith to mean tactics such as seeking to amend pleadings to add a defendant merely to destroy diversity jurisdiction. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987).

The proposed counterclaim does not alter the underlying case nor does it subvert the litigation process. Thus, HPN's request for leave to amend is not made in bad faith.

### D. THE COUNTERCLAIM IS NOT FUTILE.

A proposed counterclaim is "futile" only where "it would clearly be subject to dismissal." *Hip Hop Beverage* at 622-23; *DCD Programs* 833 F.2d at 188. This standard is similar to the standard that is applied to a FRCP 12(b)(6) motion. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

HPN's proposed counterclaim includes three claims for relief based on overpayments. If HPN successfully demonstrates that these paid more than what was due under the respective Letters of Agreement, HPN will be entitled to the recovery sought. Therefore, the proposed counterclaim is not futile.

### E. THERE IS NOT UNDUE DELAY IN REQUESTING THE COUNTERCLAIM.

Undue delay does not exist where there would be no delay in the proceedings and the amendment would not require additional discovery. *Owens*, 244 F.3d at 712 *citing Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Further, when a party moves to amend their answer after learning of an affirmative defense in discovery, ""[u]ndue delay by itself ... is insufficient to justify denying a motion to amend." *Owens* at 713 *citing Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

HPN learned of the facts giving rise to the counterclaim over the course of discovery in this case. Further, HPN did not file this Motion until the parties were unable to settle this case in a mediation held on June 5, 2008. Neither party has conducted discovery beyond initial disclosures

and supplements thereto. Therefore, there is not an undue delay in requesting leave to Amend HPN"s answer.

WHEREFORE, HPN respectfully requests that this Court grant Leave to Amend its Answer to Assert a Counterclaim, that the Clerk be directed to file the Amended Answer and Counterclaim attached hereto and for such other relief as the Court may deem appropriate. A copy of the proposed Amended Answer with Counterclaim is attached to the Declaration of Matthew T. Milone as Exhibit D.

DATED: June 19, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____
CHARLES I. EISNER, ESQ.
JASON O. BALOGH, ESQ.
Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

C4876\420665