UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

\* \* \*

CHILDREN'S HOSPITAL AND )
RESEARCH CENTER AT OAKLAND )
)
               Plaintiff )
)
vs. )   Case No.: C076069
)
HEALTH PLAN OF NEVADA, INC.; )
And DOES 1 THROUGH 25, INCLUSIVE, )
)
               Defendants. )
_____)

## STIPULATION AND PROTECTIVE ORDER

     The parties, through their respective counsel, stipulate to entry of the following Protective Order:

### Definition

     1.   "Confidential Information," as herein contemplated generally shall mean and include, without limitation, any information which concerns or relates to confidential, technical or business information, including confidential, technical or business information of a party. More specifically, and without limitation, the term "Confidential Information" shall include any documents, drawings, reports, or other items denoted, subject to Paragraph 15 of this Stipulation and Protective Order, by any party as "CONFIDENTIAL, PROTECTIVE ORDER or RESTRICTED." Such information may be in any form including, without limitation, documents, physical specimens, testimony of witnesses (including that of employees, former employees, officers or directors of the parties or consultants), answers to interrogatories and requests for admissions and the like. In particular, all of the agreements and financial information of the parties is "Confidential Information." Likewise, all patient information protected under the privacy regulations of Health Insurance Portability and Accountability Act is "Confidential Information."

### Limitation

2. This Stipulation and Protective Order should be read to provide the broadest amount of protection permitted under state and federal law to the information designated as confidential. Further, the definition of "Confidential Information" herein, and the terms of this Stipulation and Protective Order, shall not limit, waive or otherwise alter the confidential nature/treatment of any document or other information under any state or federal law and/or other applicable confidentiality agreement.

### Procedure

3. Any Confidential Information reduced to writing which is produced in this proceeding and which is asserted by any party to contain or constitute Confidential Information promptly shall be so designated in writing as CONFIDENTIAL, PROTECTIVE ORDER or RESTRICTED by the party asserting that the information is confidential. At least the initial page of documents containing such information shall be clearly and prominently marked CONFIDENTIAL, PROTECTIVE ORDER or RESTRICTED. When producing multiple confidential documents at one time, instead of stamping each page, a party may include a cover page identifying by Bates numbers, or by some other method, the documents that will be designated as confidential. When, if at all, confidential information is introduced into the record, such confidential information shall be taken in camera by the U.S. District Court, Northern District of California ("Court") and when presented, the room shall be cleared of all persons not covered by the Protective Order, subject to Paragraph 15 of this Stipulation and Protective Order

### Availability

4. Confidential Information, except as otherwise provided below, shall be made available only to, and inspected by:

    a. The Court

    b. The Parties

    c. The attorneys and staff of the law offices representing the parties in the above captioned case.

### Experts

5. In the event a party selects one or more expert witnesses to assist counsel in the preparation or defense of this proceeding, and considers it essential for such experts to have access to Confidential Information disclosed pursuant to this Protective Order, the non-producing party shall keep a record of all experts to whom the Confidential Information is disclosed.

### Expert's Agreement

6. Confidential Information submitted in accordance with the provisions of the Protective Order shall not be made available to any expert witness unless such person shall first read the Protective Order and shall have agreed in writing:

    a. To be bound by the terms of the Protective Order:

    b. To maintain such Confidential Information in confidence;

    c. Not to reveal the Confidential Information to anyone other than another person designated by the Protective Order as a proper recipient; and

    d. To utilize such Confidential Information solely for the purposes of this proceeding.

### Restriction

7. The persons specified in paragraphs 4 and 5 hereof shall not reveal any of the Confidential information to anyone else, until and unless:

    a. Counsel for the producing party or the producing party waives, in writing, the claim of confidentiality thereof;

    b. Such Confidential Information becomes public knowledge, other than by act or omission of the non-producing party, or its representative or employee;

    c. The Court orders release of some or all of the Confidential Information from this Protective Order; or

    d. The person to whom disclosure is made is bound by the provisions of this Protective Order.

e.  Disclosure of Confidential Information is compelled by third party subpoena, discovery request or Court Order; however, disclosure may only occur if, and only after, the party subject to the third party subpoena, discovery request or Court Order gives the designating party notice and the opportunity to object to third party subpoena, discovery request or Court Order.

### Depositions

8.  At any deposition session, upon any inquiry with regard to the content of the document marked CONFIDENTIAL, PROTECTIVE ORDER or RESTRICTED, if counsel for a party or witness deems that the question or answer to a question will result in the disclosure of Confidential Information of his client within the meaning of this Order, counsel, at his option, in lieu of taking other steps available under the Federal Rules of Civil Procedure in such situations, may direct that the deposition transcript be maintained, in accordance with paragraph 2 of this Protective Order, and filed in a sealed envelope in the manner set forth in paragraph 8 hereof. Counsel for the party or witness whose Confidential Information is involved may also request that all persons other than the reporter, counsel and individuals specified in paragraph 3 hereof, leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with the request of this type shall constitute substantial justification for counsel to advise the witness that he need not answer the question. In the event of inadvertent failure of counsel to give such direction at the time testimony is elicited, such counsel may designate, in writing, to other counsel within seven (7) days after receipt of a copy of the transcript of the testimony, the specific pages and lines of testimony that he inadvertently failed to protect. Unless so designated, any claim of confidentiality not previously made is waived.

### Court Filings

9.  All discovery materials, including, but not limited to, notices of depositions, transcripts of depositions, interrogatories, requests for production of documents, requests for admissions, and responses thereto, filed with the Court in connection with a pending motion, a hearing or the trial in the case which have been designated as Confidential Information shall be filed under seal. If the documents are filed under the Court's electronic filing system, they should be filed under seal as provided by that system. If the documents are filed with the Court in any

other manner they shall be filed with the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the title and number of this preceding, an identification of the contents of such sealed envelope or other container and a statement substantially in the following form:

**CONFIDENTIAL [OR RESTRICTED] UNDER PROTECTIVE ORDER**

"This envelope containing documents which are filed in this proceeding by (name of party) is not to be opened nor the contents thereof to be displayed or revealed to any persons other than the Court, the parties or attorneys for the parties, except by Order of the Court."

### Late Notice

10.   If information not designated as Confidential Information at the time it originally was supplied is thereafter so designated, the receiving party shall use all reasonable effort to prevent further disclosure after any disclosure which may have been prior to notice. After notice of confidentiality is made, the full provisions of the Protective Order shall apply.

### Resolving Disputes

11.   If a non-producing party concludes that for the purpose of this proceeding it needs to disclose any of the Confidential Information to any person not specified in paragraph 4 and 5 herein, such party shall notify all other parties; whereupon the parties shall confer in an effort to resolve the status of the subject information. If, prior to or at the time of such conference, the designating party withdraws its designation of such information, such designating party shall express that withdrawal by written notice submitted to the other parties.

### Court Decision

12.   If counsel cannot agree to such release, counsel for the non-producing party shall have the right to bring before the Court at any time the questions of whether any particular document or information is confidential or whether its use should be restricted, or to move for an order releasing said Confidential Information from this Protective Order for good cause shown, in which case it shall be the burden of the designating party to prove that the challenged information is Confidential Information within the terms of this Order. Nothing in this Protective Order shall

abridge the right of any party to seek appropriate judicial review or relief in respect to any ruling that the Court may make.

### Continued Use of Confidential Information

13. The restrictions set forth in the preceding paragraphs shall not be construed as preventing the non-producing party from continuing to use any Confidential Information known to or used by it prior to the filing of this proceeding and/or that subsequently become part of the public domain through no act or omission of the non-producing party.

### Designation not Conclusion

14. The parties agree that the mere designation of a document by counsel or a party as being "confidential" cannot alter or enhance the nature of that document or its confidentiality or create any presumption of confidentiality.

### Challenge to Confidential Designation

15. Prior to trial of this matter, any party may file a Motion to Challenge to the designation of a document, deposition and/or other information as confidential. Such a Motion must be filed within the time allowed by the Court for the filing of Motions in Limine.

### Return of Confidential Information

16. Upon final termination of this litigation, each person subject to the Protective Order shall assemble and return to the supplier all items (or copies or duplications thereof) containing or disclosing Confidential Information which were submitted in accordance with the Protective Order, exclusive of any notes or other attorneys' work product that may have been placed thereon by counsel for the receiving party. All copies containing any such notes or other attorneys' work product shall be destroyed. Receipt of the material returned to the supplier shall be acknowledged in writing.

### Injunctive Relief

17. This Protective Order shall be enforced through injunctive relief and the Court shall retain jurisdiction after the termination of this proceeding to compel compliance with this Protective Order. Each party acknowledges that the disclosure of information that is designated as

1  confidential would cause the designating party immediate, severe and irreparable harm, for which
2  there is no adequate remedy at law.

DATED this 27 day of May 2008.                    DATED this 21st day of May 2008.

By: _____                    By: _____
Attorneys for Defendants                          Attorneys for Plaintiffs

**ORDER**

IT IS SO ORDERED.

Dated this __23__ day of ____June____, 2008.

_____
United States Judge

**DENIED**
Judge Samuel Conti