CHARLES I. EISNER, ESQ. (61033)
JASON O. BALOGH, ESQ. (238199)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

MATTHEW T. MILONE, ESQ. (PHV)
CONSTANCE L. AKRIDGE, ESQ. (PHV)
JONES VARGAS
3773 Howard Hughes Pkway
3rd Floor South
Las Vegas, NV 89169
Telephone: (702) 862-3300
Facsimile: (702) 734-2722

Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH PLAN OF NEVADA, INC.; And DOES 1 THROUGH 25, INCLUSIVE,,<br><br>Defendants. | Case No.: C07-06069 SC<br><br>**REPLY TO OPPOSITION TO MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIM**<br><br>Date: July 25, 2008<br>Time: 10:00 a.m.<br>Ctrm: 1<br><br>Original Removal filed November 30, 2007 |

I. **PLAINTIFF IGNORES THAT THE FEDERAL RULES FAVOR LIBERAL AMENDMENTS TO PLEADINGS**

It is well settled that amendments to pleadings are favored, and should be liberally allowed. *U.S. v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13 (1960) (the federal rules were "designed to facilitate the amendment of pleadings…"); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir.1986) citing *Consolidated Data Terminals v. Applied Digital Data*

-1-

*Systems, Inc.*, 708 F.2d 385, 396 (9th Cir. 1983) (the federal rules reflect the liberal policy favoring amendments of pleadings at any time); *Hip Hop Beverage Corp. v. Ric Representacoes Impotacao E Comercio, Ltd.*, 220 F.R.D. 614, 620 (C.D. Cal. 2003); *Sun Microsystems, Inc. v. Dataram Corp.*, 1997 WL 50272 (N.D. Cal. 1997)[1]

In its Opposition, Plaintiff Children's Hospital and Research Center at Oakland ("Plaintiff" or "CHO") argues the merits of the case in hopes of having this Court deviate from the longstanding rule that amendments should be liberally permitted. Plaintiff's arguments on the merits, however, are not good cause to deny the Motion to Amend.

Health Plan of Nevada ("Defendant" or "HPN") understands that Plaintiff has different interpretations of the Letters of Agreement at issue. Defendant respectfully submits that its interpretation of the Letters of Agreement is correct. Further, if the Court agrees with HPN's interpretation of the Letters of Agreement, then, based on information in a letter received from Plaintiff, a refund will be due to HPN. This is the basis of the proposed counterclaim, the merits of which can be tested through discovery and adjudicated through Motions for Summary Judgment and/or trial.

Additionally, because the proposed counterclaim requires interpretation of the same documents and same language as Plaintiff's Complaint, the amendment should be permitted. Therefore, HPN should be granted leave to file its Amended Answer with Counterclaim.

## II.   THERE IS NO UNDUE DELAY OR PREJUDICE

Undue delay does not exist where there would be no delay in the proceedings. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) *citing Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Likewise, prejudice is present only where the claims which would be added greatly alter the nature of the litigation and require the adverse party to undertake an entirely new course of litigation. *Hip Hop Beverage* at 621. The

---

[1] The same standards that apply to amendment of answers under Fed.R.Civ.P. 15 apply to amendments to add cross-claims and counter-claims. *City and County of San Francisco v. Factory Mut. Ins. Co.*, 2007 WL 2904254 (N.D.Cal. 2007); *Western/Scott Felzer Co. v. Braden Partners, LP*, 2006 WL 2263827 (N.D.Cal. 2006).

party opposing amendment bears the burden of showing undue delay or prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987).

Plaintiff alleges that the HPN has unduly delayed filing its Motion for Leave to Amend.[2] However, Plaintiff fails to explain how granting the amendment will delay the proceedings. Plaintiff has not taken any depositions nor has it served any written discovery. Thus, Plaintiff will not have to incur additional costs to conduct discovery regarding the counterclaim. Likewise, the discovery deadline is September 17, 2008, leaving ample time to conduct discovery.

Moreover, the nature of the litigation will not be changed as the primary issue in the case will remain interpretation of the Letters of Agreement. The effect of the counterclaim is to allow HPN to recover overpayments if the Court agrees with HPN's interpretation of the Letters of Agreement. This is not a change in the course of the litigation. Therefore, the proposed amendment should be allowed.

### III. THE PROPOSED AMENDMENT IS NOT FUTILE

A proposed counterclaim is "futile" only where "it would clearly be subject to dismissal." *Hip Hop Beverage* at 622-23; *DCD Programs, Ltd. v. Leighton*, 833 F.2d at 188. This standard is similar to the standard that is applied to a motion to dismiss. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency rather than the substantive merits of a claim, thus a court reviews the allegations on the face of the complaint. See *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[2] Plaintiff incorrectly argues that HPN delayed bringing its counterclaim. The counterclaim is not only based on the Letters of Agreement (as maintained by Plaintiff), but also on the January 25, 2008 letter from CHO to HPN identifying the per diem rate of $1447. *See* Exhibit C to HPN's Motion for Leave to Amend. This letter was produced on May 22, 2008 as part of discovery in this case. Further, HPN's Motion for Leave to Amend was filed only after Court mandated mediation failed to result in a settlement of the case.

The proposed Counterclaim alleges that there were Letters of Agreement between the parties that required HPN to pay no more than "one-hundred percent (100%) of the California Medi-Cal Contracted Maximum Allowable Reimbursement..." and that, based on a January 25, 2008 letter, that reimbursement is $1447/day. See Exhibit D to HPN's Motion for Leave to Amend. The proposed Counterclaim also alleges that HPN paid CHO more than $1447/day for services and supplies provided to two of its Medicaid Managed Care members and that HPN is entitled to reimbursement for the overpayments made on behalf of these members. *Id.*

If HPN can prove the facts as alleged in the Proposed Counterclaim, HPN will be entitled to recover on the claims of Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing and Unjust Enrichment. Therefore, the claims are not futile and should be allowed.

### IV. AN UNFILED PROSPECTIVE SUMMARY JUDGMENT MOTION AND A PROSPECTIVE DISCOVERY OBJECTION ARE NOT GOOD CAUSE TO DENY AN AMENDMENT.

Plaintiff also argues that the Court should deny the Motion for Leave to Amend because: 1) the Motion is an attempt to avoid summary judgment; and 2) the Motion is an attempt to force CHO to disclose its contracted Medi-Cal rate. These arguments are without merit.

Plaintiff has not filed a Motion for Summary Judgment. Therefore, to argue that the Motion for Leave to Amend was filed to avoid Summary Judgment is absurd. Further, granting leave to amend would not prevent Plaintiff or Defendant from seeking summary judgment in the future.

Similarly, the issue of CHO's Medi-Cal rate is not altered by the proposed Counterclaim. Pursuant to the Letters of Agreement HPN is not required to pay more than CHO's contracted rate with Medi-Cal. To determine how much HPN is supposed to pay CHO, the rate will need to be disclosed. Regardless of the outcome on this Motion, HPN has requested the Medi-Cal contracted rate in pending discovery requests.[3]

---

[3] HPN believes the rate is $1447/day as disclosed in the January 25, 2008 letter.

-4-

WHEREFORE, HPN respectfully requests that this Court grant Leave to Amend its Answer to Assert a Counterclaim, that the Clerk be directed to file the Amended Answer and Counterclaim attached hereto and for such other relief as the Court may deem appropriate.

DATED: July 11, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____
CHARLES I. EISNER, ESQ.
JASON O. BALOGH, ESQ.
Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

C4876\437174

-5-

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P.O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **REPLY TO OPPOSITION TO MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIM**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

**Attorneys For Plaintiffs**
Joy Y. Stephenson, Esq.
Karlene Rogers-Aberman, Esq.
Barry Sullivan, Esq.
STEPHENSON, ACQUISTO & COLMAN
303 North Glenoaks Boulevard, #700
Burbank, CA 91502-3226
Tel:   (818) 559-4477
Fax:  (818) 559-5484

**Pro Hac Vice Attorneys for Defendant**
MATTHEW T. MILONE, ESQ. (PHV)
CONSTANCE L. AKRIDGE, ESQ. (PHV)
JONES VARGAS
3773 Howard Hughes Pkwy
3rd Floor South
Las Vegas, NV 89169
Tel: (702) 862-3300
Fax: (702) 734-2722

**Attorneys For Plaintiffs**
Vincent A. Acquisto, Esq.
Charles J. Acquisto, Esq.
STEPHENSON, ACQUISTO & COLMAN
5700 Stoneridge Mall Road, Suite 350
Pleasanton, CA 94588
Tel: (925) 734-6100
Fax: (925) 463-1805

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on July 11, 2008.

_____
ALEXINE BRAUN

C4876\437174

-6-

REPLY TO OPPOSITION TO MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIM
Case No. C07-06069 SC