CHARLES I. EISNER, ESQ. (61033)
JASON O. BALOGH, ESQ. (238199)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

MATTHEW T. MILONE, ESQ. (PHV)
CONSTANCE L. AKRIDGE, ESQ. (PHV)
JONES VARGAS
3773 Howard Hughes Pkway
3rd Floor South
Las Vegas, NV 89169
Telephone: (702) 862-3300
Facsimile: (702) 734-2722

Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH PLAN OF NEVADA, INC.; And DOES 1 THROUGH 25, INCLUSIVE,,<br><br>Defendants. | Case No.: C07-06069 SC<br><br>**AMENDED ANSWER AND COUNTERCLAIM**<br><br><br>Original Removal filed November 30, 2007 |

**AMENDED ANSWER WITH COUNTERCLAIM**

COMES NOW, Defendant Health Plan of Nevada, Inc. ("HPN") by and through its counsel Charles I. Eisner of Boornazian, Jensen & Garthe, P.C., and Constance L. Akridge and Matthew T. Milone of Jones Vargas and hereby responds to the allegations in Plaintiff's Complaint as follows:

1. HPN admits that Plaintiff is a California Corporation. Otherwise, HPN is without sufficient knowledge to deny the allegations in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. HPN admits that it is a Nevada corporation. HPN denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. HPN is without sufficient knowledge to deny the allegations in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. HPN objects to referring to the "Doe" defendants as HPN and responds to the Complaint only on behalf of itself.

5. HPN is without sufficient knowledge to deny the allegations in paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6. HPN is without sufficient knowledge to deny the allegations in paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

## COMMON FACTUAL BACKGROUND

7. HPN is without sufficient knowledge to deny the allegations in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. HPN is without sufficient knowledge to deny the allegations in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. HPN is without sufficient knowledge to deny the allegations in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. HPN is without sufficient knowledge to deny the allegations in paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. HPN is without sufficient knowledge to deny the allegations in paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. HPN is without sufficient knowledge to deny the allegations in paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. HPN is without sufficient knowledge to deny the allegations in paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14. HPN admits that it has paid claims in full to Plaintiff. Otherwise, HPN is without sufficient knowledge to deny the allegations in paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15. HPN denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. HPN is without sufficient knowledge to deny the allegations in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

### FIRST CAUSE OF ACTION

17. HPN incorporates paragraphs 1-16 of its answer.

18. HPN is without sufficient knowledge to deny the allegations in paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19. HPN is without sufficient knowledge to deny the allegations in paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20. HPN is without sufficient knowledge to deny the allegations in paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21. HPN denies paragraph 21 of the Complaint.

22. HPN denies paragraph 22 of the Complaint.

### SECOND CAUSE OF ACTION

23. HPN incorporates paragraphs 1-16 of its answer.

24. HPN is without sufficient knowledge to deny the allegations in paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

25. HPN is without sufficient knowledge to deny the allegations in paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26. HPN denies paragraph 26 of the Complaint.

27. HPN denies paragraph 27 of the Complaint.

### DEFENSES

By alleging the defenses set forth below as affirmative defenses, HPN is not in any way agreeing or conceding that it has either the burden of proof or the burden of persuasion on any of these issues.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state causes of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

HPN is entitled to a set-off and/or recoupment to the extent Plaintiff received any overpayment or payment in error, including, but not limited to, payments for services not rendered, and/or for services improperly billed, and/or for services for which HPN was under no obligation to pay.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the theories of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to exhaust appeals and/or administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

HPN has paid all amounts due under the contract between the parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has been paid by HPN, HPN's members and/or third parties.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that its claim of damages is too remote and too speculative to form the basis for the relief.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's charges are unreasonable and cannot be justified, and any damages sought by Plaintiff are barred in whole or in part by Plaintiff's failure to mitigate damages.

### ELEVENTH SECOND AFFIRMATIVE DEFENSE

Plaintiff's comes to this Court with unclean hands and, therefore, Plaintiff should not be entitled to any equitable relief.

### TWELFTH FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is not ripe for judicial determination.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by third parties over whom HPN had no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by Plaintiff's conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages as a result of the actions of HPN.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by statute, contract or otherwise as oral modifications to insurance plans or contracts are prohibited.

### RESERVATION OF RIGHT TO SUPPLEMENT OR AMEND

HPN reserves the right to assert additional defenses, modify existing defenses, assert any counterclaims, and/or modify any answers as a result of discovery and/or further analysis or elucidation of Plaintiff's position and allegations.

WHEREFORE, HPN prays for the following relief:

1. That Plaintiff take nothing by way of its Complaint;
2. For attorney's fees and costs;
3. For all other relief that this Court chooses to award.

### COUNTERCLAIM

HPN, through its counsel of record, hereby files its counterclaim and alleges against Children's Hospital and Research Center at Oakland ("CHO") as follows:

I. GENERAL ALLEGATIONS

1. HPN is a Nevada Health Maintenance Organization (HMO) organized pursuant to Chapter 695C of the Nevada Revised Statutes.

2. HPN contracts with the state of Nevada to provide Medicaid benefits to those persons assigned by Nevada to receive Medicaid benefits through HPN. This arrangement with the State of Nevada will be described herein as "HPN's Medicaid Managed Care Program."

3. CHO is a California Hospital that, from time to time, treats persons enrolled in HPN's Medicaid Managed Care Program.

## II.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the parties to this case are diverse in citizenship and the amount in controversy is in excess of $75,000.

5. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. GENERAL ALLEGATIONS

7. HPN and CHO do not have an ongoing contractual relationship.

8. In certain instances when a person enrolled in HPN's Medicaid Managed Care Program seeks treatment at CHO, HPN and CHO may enter into a limited contract referred to as a "Letter of Agreement."

9. Over the past five years CHO and HPN have entered into several Letters of Agreement regarding various persons enrolled in HPN's Medicaid Managed Care Program.

10. Two enrolled in HPN's Medicaid Managed Care Program, referred to by CHO as Patient No. 060122506-00 and Patient No. 040412484-00 were allegedly provided services and supplies by CHO.

11. With regard to Patient No. 060122506-00 and Patient No. 040412484-00 HPN and CHO entered into separate Letters of Agreement stating that HPN would be required to pay "one-hundred percent (100%) of the California Medi-Cal Contracted Maximum Allowable Reimbursement..."

12. CHO has refused to provide HPN with the amount of its California Medi-Cal Contracted Maximum Allowable Reimbursement.

13. Because CHO refused to provide the rates needed for HPN to calculate the amounts due under the Letters of Agreement relating to Patient No. 060122506-00 and Patient No. 040412484-00, HPN has been forced to estimate payment of these claims.

14. To date HPN has paid $341,325.00 with regard to Patient No. 060122506-00.

15. To date HPN has paid $44,745.09 with regard to Patient No. 040412484-00.

16. In a letter dated January 25, 2008 from CHO to HPN, CHO stated that the payment for another patient enrolled in HPN's Medicaid Managed Care Program would be at 45% of billed charges **or** the rate of $1447.00/day.

17. Although CHO has refused to produce the applicable Medi-Cal contracted rate for Patient No. 060122506-00 and Patient No. 040412484-00, the January 25, 2008 letter indicates that the Medi-Cal contracted rate is $1447/day.

18. Using the $1447/day rate HPN has overpaid CHO and CHO has retained approximately $177,981.00 more than is due with regard to Patient No. 060122506-00.

19. Using the $1447/day rate HPN has overpaid CHO and CHO has retained approximately $37,510.09 more than is due with regard to Patient No. 040412484-00

## IV. CLAIMS FOR RELIEF

### A. Breach of Contract

20. HPN incorporates the previous allegations of its Counterclaim as if set forth herein.

21. HPN paid the claims of Patient No. 060122506-00 and Patient No. 040412484-00 in full under the terms of the respective Letters of Agreement for these two patients.

22. HPN has paid CHO more than the amount due under the terms of the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00.

23. CHO wrongfully retained these payments in excess than the amount due under the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00.

24. CHO acceptance and retention of monies greater than the amount due under the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00 is a breach of contract.

25. HPN has been damaged by CHO's breach of contract in excess of $75,000.

-7-

26. HPN has been required to hire an attorney and is, therefore, entitled to an award of attorneys' fees and costs.

**B.     Breach of the Covenant of Good Faith and Fair Dealing**

27. HPN incorporates the previous allegations of its Counterclaim as if set forth herein.

28. HPN paid the claims of Patient No. 060122506-00 and Patient No. 040412484-00 in full under the terms of the respective Letters of Agreement for these two patients.

29. HPN has paid CHO more than the amount due under the terms of the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00.

30. CHO wrongfully retained these payments in excess than the amount due under the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00.

31. CHO acceptance and retention of monies greater than the amount due under the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00 is a breach of the covenant of good faith and fair dealing.

32. CHO has further breached the covenant of good faith and fair dealing by refusing to provide and/or confirm the applicable Medi-Cal contracted rate for Patient No. 060122506-00 and Patient No. 040412484-00.

33. HPN has been damaged by CHO's breach of the covenant of good faith and fair dealing in excess of $75,000.

34. HPN has been required to hire an attorney and is, therefore, entitled to an award of attorneys' fees and costs.

**C.     Unjust Enrichment**

35. HPN incorporates the previous allegations of its Counterclaim as if set forth herein.

36.. HPN has paid CHO more than the amount due under the terms of the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00.

37. CHO wrongfully retained these payments in excess than the amount due under the respective Letters of Agreement for Patient No. 060122506-00 and Patient No. 040412484-00.

38. CHO was unjustly enriched by acceptance and retention of monies greater than the amount due under the respective Letters of Agreement for Patient No. 060122506-00 and Patient

1  No. 040412484-00.

2  **WHEREFORE,** HPN prays for judgment as follows:

3      1.    That Plaintiff takes nothing by way of his Complaint;

4      2.    For costs of suit incurred herein;

5      3.    For reasonable attorney's fees incurred in the defense of this action;

6      4.    For recovery of all overpayments to CHO with regard to Patient No. 060122506-00

7  and Patient No. 040412484-00; and

8      5.    For such other and further relief as this court deems just and proper.

DATED: September 2, 2008

                              BOORNAZIAN, JENSEN & GARTHE
                              A Professional Corporation

                              By: _____
                                  CHARLES I. EISNER, ESQ.
                                  JASON O. BALOGH, ESQ.
                                  Attorneys for Defendant
                              HEALTH PLAN OF NEVADA, INC.

C4876\420665

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P.O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **AMENDED ANSWER AND COUNTERCLAIM**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

**Attorneys For Plaintiffs**
Joy Y. Stephenson, Esq.
Karlene Rogers-Aberman, Esq.
Barry Sullivan, Esq.
STEPHENSON, ACQUISTO & COLMAN
303 North Glenoaks Boulevard, #700
Burbank, CA 91502-3226
Tel:  (818) 559-4477
Fax:  (818) 559-5484

**Pro Hac Vice Attorneys for Defendant**
MATTHEW T. MILONE, ESQ. (PHV)
CONSTANCE L. AKRIDGE, ESQ. (PHV)
JONES VARGAS
3773 Howard Hughes Pkwy
3rd Floor South
Las Vegas, NV 89169
Tel: (702) 862-3300
Fax: (702) 734-2722

**Attorneys For Plaintiffs**
Vincent A. Acquisto, Esq.
Charles J. Acquisto, Esq.
STEPHENSON, ACQUISTO & COLMAN
5700 Stoneridge Mall Road, Suite 350
Pleasanton, CA 94588
Tel: (925) 734-6100
Fax: (925) 463-1805

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on September 2, 2008.

_____
ALEXINE BRAUN

C4876\435451

-10-

AMENDED ANSWER AND COUNTERCLAIM – Case No. C07-06069 SC