CHARLES I. EISNER, ESQ. (61033)
JASON O. BALOGH, ESQ. (238199)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

MATTHEW T. MILONE, ESQ. (PHV)
CONSTANCE L. AKRIDGE, ESQ. (PHV)
JONES VARGAS
3773 Howard Hughes Pkway
3rd Floor South
Las Vegas, NV 89169
Telephone: (702) 862-3300
Facsimile: (702) 734-2722

Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| CHILDREN'S HOSPITAL AND RESEARCH CENTER AT OAKLAND, | Case No.: C076069 |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER |
| HEALTH PLAN OF NEVADA, INC.; And DOES 1 THROUGH 25, INCLUSIVE, | |
| Defendants. | |

COMES NOW, Defendant Health Plan of Nevada, Inc. ("HPN") by and through its counsel Charles I. Eisner of Boornazian, Jensen & Garthe, P.C., and Constance L. Akridge and Matthew T. Milone of Jones Vargas and Plaintiff Children's Hospital and Research Center at Oakland ("CHO"), by and through their counsel of record, Joy Y. Stephenson, Esq., Barry Sullivan, Esq., Richard Lovich, Esq. and Karlene Rogers-Aberman of Stephenson, Acquisto & Colman hereby enter into

this Stipulation for a protective order pursuant to the provisions of Civil Local Rule 79-5. Plaintiff and Defendant are collectively referred to as the "Parties" in this Stipulation and individually as "Party". The Parties have agreed and stipulated to the entry of this Order for the protection of business records, trade secrets, confidential and/or potentially privileged records disclosed by Plaintiff and Defendant in this action.

It is hereby stipulated by and between the parties hereto, by their respective undersigned counsel of record herein, that the following protective order shall govern the access to and use of proprietary information, or other confidential research, development or commercial information produced in this action.

IT IS HEREBY ORDERED that:

1.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

2.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

3.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it

designated for protection for not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protection portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

1       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reported, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

      (c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the contained or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5. If timely corrected, as inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing along, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after

1  the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in a voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if not change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meeting and confer dialogue.

The burden or persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Unless otherwise ordered by the court or permitted in writing by the Designating party, a Receiving party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order: that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

1  Protected Material must be separately bound by the court reporter and may not be disclosed to
2  anyone except as permitted under this Stipulated Protective Order;

3     (g) the author of the document or the original source of the information;

4    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a
5  Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –
6  ATTORNEYS' EYES ONLY" only to[1]:

7     (h) the Receiving Party's Outside Counsel of record in this action, as well as
8  employees of said Counsel to whom it is reasonably necessary to disclose the information for this
9  litigation and who have signed the "Agreement to Be Bound by Protective Order' that is attached
10 hereto as Exhibit A;

11    (i) House Counsel of a Receiving Party (1) who has no involvement in
12 competitive decision- making in contracting with Children's Hospital and Research Center at
13 Oakland, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed
14 the "Agreement to Be Bound by Protective Order" (Exhibit A);

15    (j) Experts (as defined in this Order) (1) to whom disclosure is reasonably
16 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"
17 (Exhibit A), [Optional: and (3) as to whom the procedures set forth in Paragraph 7 below, have been
18 followed];

19    (k) the Court and its personnel;

20    (l) court reporters, their staffs, and professional vendors to whom disclosure is
21 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
22 Protective Order" (Exhibit A);

---

[1] The parties agree that for the purposes of this Case, Plaintiff's responses to Interrogatories 7 & 8 will be consider HIGHLY CONFIDENTIAL and will be shared only with: (a) HPN's Counsel; (b) HPN's corporate counsel who will sign the "Agreement to Be Bound by Protective Order" (Exhibit A); (c) HPN's employee Corrine Spaeth who will sign the "Agreement to Be Bound by Protective Order" (Exhibit A); (d) the Court and its staff; and (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(m) the author of the document or the original source of the information.

(n) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or per primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(o) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating party. Any such objection must set forth in detail the grounds on which it is based.

(p) A party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions)

1  and sets forth the reasons advanced by the Designating Party for its refusal to approve the
2  disclosure.

3  In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of
4  proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
5  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6  8.  If a Receiving Party is served with a subpoena or an order issued in other litigation
7  that would compel disclosure of any information or items designated in this action as
8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
9  Receiving Party must so notify the Designating party, in writing (by fax, if possible) immediately
10 and in no event more than three court days after receiving the subpoena or order. Such notification
11 must include a copy of the subpoena or court order.

12 The Receiving Party also must immediately inform in writing the Party who caused the
13 subpoena or order to issue in the other litigation that some or all the material covered by the
14 subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
15 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
16 caused the subpoena or order to issue.

17 The purpose of imposing these duties is to alert the interested parties to the existence of this
18 Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
19 confidentiality interests in the court from which the subpoena or order issued. The Designating
20 Party shall bear the burdens and the expenses of seeking protection in that court of its confidential
21 material – and nothing in these provisions should be construed as authorizing or encouraging a
22 Receiving Party in this action to disobey a lawful directive from another court.

23 9.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
24 Protected Material to any person or in any circumstance not authorized under this Stipulated
25 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party
26 of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected
27 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the
28

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

///

///

1  By stipulating to the entry of this Protective Order no Party waives any right it otherwise
2  would have to object to disclosing or producing any information or item on any ground not
3  addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any
4  ground to use in evidence of any of the material covered by this Protective Order.
5  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
6  DATED this __ day of March, 2009.          DATED this __ day of March, 2009.

By:_____            By:_____
Attorneys for Defendants              Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

   Dated this _____ day of _____, 2009.

                                      _____
                                      United States District Judge / Magistrate

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 23rd day of March, 2009.                    DATED this ___ day of March, 2009.

By:_____                           By:_____

Attorneys for Defendants                               Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

**Dated** this __25__ day of ___March___, 2009.



IT IS SO ORDERED
Judge Samuel Conti

United States

# EXHIBIT A

## Agreement to Be Bound

I _____, of _____ [entity and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United Stated District Court for the Northern District of California on _____, 2009 in the case of *Children's Hospital and Research Center at Oakland v. Health Plan of Nevada, Inc.*, Case No. C076069. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to Sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

I hereby appoint _____ of _____ as my California agent for service of proves in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Print name: _____

Signature: _____